**North Shore Hardware Company et al., Appellees, v. Wellington D'Arcy and Charles A. Wightman, Appellants.**

## Gen. No. 17,971.

1. MECHANIC'S LIEN—*apportioning on several buildings.* In an action to enforce mechanics' liens for materials furnished under one contract in the construction of four buildings on separate lots, where the owner of one of the lots, as mortgagee in a building loan on the other three lots, has made payments on the contract without any directions as to the application of such payments, the lienor may apply payments as he chooses, and where he has applied them on the property owned by the mortgagee, the latter and the contractor, owning the other three lots, are not in position to complain of a decree apportioning the liens on the remaining mortgaged lots.

2. MECHANICS' LIENS—*waiver of on one property does not affect other properties in a contract.* The waiving of a mechanic's lien as to one of the houses of properties for which materials have been furnished under contract does not operate as a waiver upon all of them.

330    APPELLATE COURTS OF ILLINOIS.

North Shore Hardware Co. v. D'Arcy et al., 177 Ill. App. 329.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 11, 1913.

CHARLES S. GRAVES, for appellants.

HUBERT E. PAGE, for appellee, North Shore Hardware Company.

ROBERT W. DUNN, for appellee, John D. McKay.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

A decree to enforce a mechanic's lien was entered in the Circuit Court of Cook county in favor of appellee on the petition of the North Shore Hardware Company and the answer thereto in the nature of an intervening petition by John D. McKay, and the proofs in the cause.

Appellant Wightman owned the four lots in question. He made an arrangement or agreement with appellant D'Arcy whereby he was to convey three of the lots to D'Arcy, and make D'Arcy three building loans of $3,000 each on the three lots for the purpose of enabling him to build the three houses, and to pay D'Arcy $400, in consideration of which D'Arcy was to build Wightman a house on the fourth lot similar to the ones which he proposed building on the other three lots.

The original bill was filed by the North Shore Hardware Company against D'Arcy, the owner of the three lots in North Evanston. D'Arcy entered into an agreement with the Hardware Company to furnish hardware material and supplies for the construction of the four buildings on four different lots,—two of the houses being at the corner of Bennett avenue and Isabella street, one house designated as the Central street house in the record, and the one called the Hartrey avenue house. The properties were not contig-

uous except the two separate lots at the corner of Bennett avenue and Isabella street in Evanston. The entire contract covered the four properties for the sum of $210 per house, or an aggregate of $840.

A similar contract was made by D'Arcy with appellee McKay, intervener, who testified that his contract was to furnish plumbing material and supplies to the four houses for the sum of $1,600, or $400 per house; $175 per house was to be paid as each house was "roughed in," and for the balance D'Arcy was to give McKay security to be held by him until D'Arcy was able to dispose of the houses. There is no substantial controversy as to the amount of the materials and work furnished by the lienors.

Wightman, according to his agreement with D'Arcy, made conveyances of the three lots or properties to D'Arcy, and D'Arcy executed a mortgage or trust deed upon each one of the three properties for $3,000 each, and delivered them to Wightman, and signed a receipt for the money represented by them although no money was actually paid at the time. D'Arcy thereupon made the contracts above mentioned for material and labor for the construction of the four houses, and as work progressed, appellant Wightman paid out to the contractors and to D'Arcy for his pay roll, for himself and expenses connected with the loans, and for other purposes, the entire amount of the three loans, being the sum of $9,000.

The decree is substantially in accordance with the prayer of the petition and intervening petition, and apportions the amount due to the lienors upon the three properties conveyed to D'Arcy. It appears, and the decree finds, that the payments were made by appellants to the lienors in accordance with the terms of the contract as the materials were furnished and the work done without any direction as to the application of the payments. The lienors applied or credited the several payments made by the owner to the Hart-

332    APPELLATE COURTS OF ILLINOIS.

North Shore Hardware Co. v. D'Arcy et al., 177 Ill. App. 329.

rey avenue property. These payments were more than sufficient to pay the amount furnished by them to that property, and the surplus was applied by the decree equally among the three remaining properties upon which the liens were decreed.

The contention is made by appellants that where the contract relates to separate buildings upon separate properties, no lien can be enforced against a portion of the premises; that the lien must be claimed against all the property included in the contract, and that this is true even though separate amounts are specified for the different buildings, for the courts will consider it but one contract.

It is important in considering this point to bear in mind that the only persons questioning the decree in this court are D'Arcy and Wightman. Their relationship to the properties in question is that of owner and mortgagee. Wightman, being the owner of the four lots or properties, conveyed them to D'Arcy as above set forth for the purpose of having constructed upon the properties the buildings in question. D'Arcy cannot complain of the fact that the payments made were credited in the first instance to the Hartrey avenue lot owned by Wightman, for he did not specify on which of the three lots the payments should be credited. He is liable for the liens under the evidence, and does not occupy a position entitling him to make the contention here made by appellants. Wightman occupies a similar position for he paid out the money without specifying upon which of the three properties it should be credited. The fact that he is the apparent owner of the mortgages in question, when all the evidence is considered, gives him no equity as to the three properties upon which the liens were decreed, for he did not pay out the money on these mortgages until the work was done and materials furnished by the lienors, and he did not specify the houses or properties upon which the payments were to be applied. We

think it appears that the payments were applied by the decree according to the terms of the contract, and that the lienors, receiving the payments without directions as to the application thereof, might apply them as they chose. Failing to make direction as to application of the payments, neither of appellants are in position now to complain of the decree allowing the liens proportionately upon the three lots.

Again it appears that the Hartrey avenue house was commenced first and the work upon that house was in a more advanced state at all times than upon the other houses covered by the contract. The contract plainly contemplated that the payments were to be made on each house according to the progress of the work thereon. Neither Wightman nor D'Arcy can complain of any payments applied on the Hartrey avenue house, for neither of them are injured by the application made of the payments. To have applied all payments *pro rata* on all four of the buildings would have been contrary to the contract.

We can see no reason for including the Hartrey avenue property in the property against which liens were claimed in the petition or intervening petition. On the evidence produced in this case, if the Hartrey avenue property had been included in the petition and intervening petition, the decree must have discharged that property as having been settled and paid for in full before the petition was filed; and the law does not require the petitioner to do a useless thing. Neither do we think that the waiving of a lien as to one of the houses or properties operates as a waiver upon all of them under the provisions of the statute and the authorities.

We do not think that the writing submitted to McKay by D'Arcy is a contract existing between them. The contract was a parol contract. The writing submitted after the work was commenced, differs from the terms of the original agreement and was never accepted.

In our opinion, the decree does not include the profits upon the work not done, but represents the value of the contract work done in proportion to the price for the whole work for each house.

The decree is affirmed.

*Affirmed.*